IN THE SUPERIOR COURT OF GUAM

JUNG YE KANG,

          Plaintiff,

    vs.

BYONG HI KANG,

          Defendants,

)
)
)
)
)
)
)
)
)
)
)
)

Domestic Case No. DM 0675-09

**DECISION & ORDER** BY: _____

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on May 7, 2013. Plaintiff was represented by Attorneys Patrick Civille and Leslie Travis. Defendant was represented Attorney Joaquin C. Arriola, Jr. After having carefully received and reviewed the papers, arguments and the file herein the Court hereby grants Plaintiff's motion for support *pendente lite*. Based upon the facts and legal standard outlined below Defendant shall pay the Plaintiff a support amount of $6715.00 each month. Pursuant to the terms of this order Defendant is also ordered to pay Plaintiffs outstanding legal fees.

## BACKGROUND

On April 19, 2013, Plaintiff, filed a paper entitled, Motion for Support *Pendente Lite*; Memorandum of Points and Authorities. In her paper Plainitiff requests that the Court order that Defendant pay her outstanding attorney fees and $12,410.00 each month in financial support for her necessities. In support of this request Plaintiff attests that:

1. She was married to Defendant for 54 years;
2. During their marriage Defendant:
   a) Paid all necessary costs of living including: mortgage, utilities, food, and school tuition for dependent grandchildren;
   b) Provided Plaintiff with a $3,000.00 a month salary or allowance as an officer with Guam Construction Company

3. That Defendant reported a joint gross income of $119,800.00 for 2008.

4. That Defendant is in control of assets and properties with an approximate value of $10,000,000.00

5. That She:
   a) Spends approximately $3,465.00 each month for the bare living necessities of herself and the parties' two grandchildren;
   b) Has an income of $1,344.50 monthly social security income;
   c) Does not speak English at a proficient level;
   d) Is uneducated and unsophisticated;
   e) Is advanced in age
   f) Does not possess the skills or ability to secure a gainful employment;
   g) Bore and raised the parties' seven children.

On June 4, 2013, Defendant filed a paper entitled, Opposition to Motion for Support. In his paper Defendant asserts and argues that Plaintiff has failed to assert enough facts meet the requisite legal standard applied by the Guam Supreme Court.

Plaintiff filed a reply paper entitled, Reply in Support of Motion for Support *Pendente Lite*. In it Plaintiff argues and asserts that Defendant has failed to submit evidence that he is not able to provide the support amounts requested. She also argues that based upon the undisputed asserted facts, the amounts requested are justified and necessary.

## DISCUSSION

Plaintiff has requested that the Court enter a *pendent lite* support ordering the Defendant to pay her outstanding attorney fees and a support amount of $12,410.00 each month. Section 8402 of Title 19 of the Guam Code authorizes and regulates a court's ability to grant a *pendent lite* support order. It falls under Article 4 and is entitled, Alimony and Permanent Support. In full it provides,

> When an action for dissolution of marriage is pending, the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife, or husband, to support herself and her children, or to support himself and his children, or prosecute or defend the action. When the husband or wife willfully deserts the wife or husband, or when the husband or wife has any cause of action for dissolution of marriage as provided in § 8203 of this Title, he or she may, without applying for dissolution

of marriage, maintain in the Superior Court an action against her or him for permanent support and maintenance of himself or herself or of himself and children or of herself and children. When the husband willfully fails to provide for the wife, she may, without applying for dissolution of marriage, maintain in the Superior Court an action against him for permanent support and maintenance of herself or of herself and children.

During the pendency of any such action the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary for the prosecution of the action and for support and maintenance, and execution may issue therefor in the discretion of the court. The court, in granting the husband or wife permanent support and maintenance of himself or herself, or of himself and children or herself and children, in any such action, shall make the same disposition of the community property and of the homestead, if any, as would have been made if the marriage had been dissolved by the decree of a court of competent jurisdiction. The final judgment in such action may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court.

19 G.C.A. § 8402 (2013).

On its face Section 8402 provides that support ordered by the court for: alimony, any money necessary for the prosecution of the action, or for support and maintenance is to be awarded at the discretion of the court. *Id.* In 2005 the Guam Supreme Court explained that, "the 'discretion of the trial court ... is not arbitrary; it must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities, and the financial ability of the husband.'" *Cruz v. Cruz*, 2005 Guam 3 ¶ 10; *Arnold v. Arnold*, 12 P.2d 435, 436 (Cal. 1932). Similarly the court explained, "the word 'necessary' has not a fixed meaning, but is flexible and relative . . . . inasmuch as the action of the court rests in discretion." *Cruz v. Cruz*, 2005 Guam 3 ¶ 10.

In this case the court finds that Plaintiff's inability to support herself and the Parties' prior dependents cannot be reasonably or credibly disputed. Furthermore, the Defendant's ability to meet his own financial obligations and or provide support to the Plaintiff and dependents cannot be reasonably or credibly disputed. Based upon its review of the facts

asserted by the Parties and the papers and the evidences in the file, the Court places special emphasis upon the: 1) prior and present standard of living of the Parties; 2) length of the marriage; and 3) the age, education, and ability of the Plaintiff and the Defendant. The Court finds that the majority of the expenses identified in Plaintiff's June 6, 2012, papers, are reasonably necessary.[1] 19 GCA § 8402; *Cruz v. Cruz*, 2005 Guam 3 ¶ 10. Under the same authority and analysis the Court finds the payment of Plaintiff's outstanding legal fees to be necessary under the above standard, so long as they are reasonable and related to instant action. *Id*. The costs of the Plaintiff's legal fees subject to an initial $25,000.00 limit and are to be deducted from the Plaintiff's share of the marriage assets at the disposition of this matter.

## CONCLUSION

For the reasons set forth above, Defendant's motion for *pendente lite* support is granted. Pending the disposition of this case, Defendant is ordered to pay Plaintiff a monthly amount of $6,715.00 each month. The first payment is due 7 days from the date of this order. Pursuant to the terms outlined above Defendant is also ordered to pay up to $25,000.00 of Plaintiff's outstanding legal fees upon being provided with an itemized invoice. This mater is hereby set for further proceedings on __Aug. 22__, 2013, at __9:00 a__.m.

SO ORDERED, this __9th__ day of __August__ 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 09 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam

[1] The Court included the $3,000.00 monthly salary, increased the monthly rental amount to $1,200.00 and subtracted the $100 monthly church contribution.